UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHANA MELIUS,                                    20 Civ. 5237 (E.R)

              PLAINTIFF                ANSWER TO PLAINTIFF'S
V.                                                              COMPLAINT

The New York City Council and
Council Member ANDY KING,
in his individual capacity.
              DEFENDANTS

---

1. DENIES: any unlawful conduct based on 42 U, S.C., Section 1983. Moreover, Defendant Denies Plaintiffs Complaint, that she was employed by Council member King. Ms. Melius was employed by the New York City Council and was assigned to work in Council member King's Office. Denies any unlawful conduct based on the New York City Human Rights Law. Furthermore, Defendant Kind Denies Plaintiff was not provided a Reasonable Accommodation by the HR Department of the City Council., who was responsible for providing accommodations.

2. Neither Admits nor Denies.

3. Denies: that at Plaintiff was a citizen of New Jersey at the time of the alleged allegation.

4. Neither Admits nor Denies.

5. Admits that Plaintiff was employed by the New York City Council.

6. Denies: that Council Member King was Not Plaintiffs employer within the meaning of the NYCHRL.

7. Denies.

8. Neither Admit or Denies, in that Defendant cannot adequately respond to the allegation without more information.

9. Neither admits or denies.

10. Defendant King neither admits nor Denies the allegation in paragraph 10, as he is without knowledge to form a belief as to the truth of the allegation in paragraph 10.

11. Defendant King neither admits nor Denies the allegation in paragraph 11, as he is without knowledge to form a belief as to the truth of the allegation in paragraph 11.

12. Plaintiff has to provide a specific date in order to admit or deny.

13. Plaintiff has to provide a specific date in Order to admit or deny, BUT Defendant denies he ever told any staff member to be loyal while at Any meetings at his home.

14. Defendant King neither admits nor Denies the allegation in paragraph 14, as he is without knowledge to form a belief as to the truth of the allegation in paragraph 14.

15. Neither Admits nor Denies.

16. Denied

17. Denied, when Plaintiff was hired, she was living within the confines Of the Council Office, in the Bronx, and worked in the Bronx Office Of Council Member King. Defendant has no knowledge of when Plaintiff switched her address, and has no idea when she reported to The New York Office located at 250 Broadway, while still reporting in the Bronx. Defendant Admits that Plaintiff did work at 250 Broadway on occasion., as she did on Gun Hill Road.

18. Defendant King neither admits nor Denies the allegation in paragraph 18, as he is without knowledge to form a belief as to the truth of the allegation in paragraph 18.

19. Defendant King neither admits nor Denies the allegation in paragraph 19, as he is without knowledge to form a belief as to the truth of the allegation in paragraph 19.

20. Defendant King neither admits nor Denies the allegation in paragraph 20, as he is without knowledge to form a belief as to the truth of the

allegation in paragraph 20.

21. Defendant King neither admits nor Denies the allegation in paragraph 21, as he is without knowledge to form a belief as to the truth of the allegation in paragraph 21

22. Relevancy.

23. Neither Admit nor Deny

24. Relevancy, Defendant will move to strike (as Mr. Corny was plaintiffs Supervisor and she has not added him as a party). This activity is not Relevant to USC, Section 1983. and should be stricken.

25. Neither Admit nor Deny.

26. Denied.

28. Neither Admit or Deny, it is not relevant ant to any allegations against Defendant King and it should be struck.

29. Neither admit nor deny.

30. Neither Admit nor Deny, as paragraph 30 does not form a basis for a Response. It should be stricken

31. Neither Admit nor Deny, as paragraph 31 does not form a basis for a Response. It should be stricken

32. Denied: Defendant ever told anyone that they could not leave a meeting.

33. Denied

34. Defendant King neither admits nor denies the allegation in paragraph 34, as he is without knowledge to form a belief as to the truth of the allegation in paragraph 34.

35. Denied.

36. Denied.

37. Defendant King neither admits nor denies the allegation in paragraph 37, as he is without knowledge to form a belief as to the truth of the allegation in paragraph 37.

38. Denied

39. Denied

40. Denied

41. Denied. Plaintiff was told to seek as Reasonable Accommodations from HR, which she did, and the accommodations were given to her. Moreover over Ms. Hinds was the Chief of Staff, and these interactions had nothing to do with Defendant King.

42. Denied * see attached as exhibit D-1.

46. Neither Admit nor Deny, in that defendant cannot form a sufficient basis to answer from the facts alleged in the complaint.

47. Denied

48. Denied.

49. Neither Admit nor Deny

50. Neither Admit nor Deny

51. Admit

52. Neither Admit nor Deny

53. Denied

54. Denied

55. Admit that Nicole Benjamin is a manager in the City Council's Human Resources Department and gave Plaintiff a Reasonable Accommodation as per her request.

56. Denied

57. Neither Admit nor Deny. However, to the extent Plaintiff refused to follow the Rules of the New York City Council's Human Rights Department, regarding the Reasonable Accommodations decision Defendant would Admit.

58. Admit

59. Neither Admit nor Deny, the provision is a self-serving conclusion and has nothing to do with the Defendant.

60. Denied

61. Denied.

62, Denied: SEE Defendant's (exhibit 1)

63. Denied: Plaintiff obtained a new Job with Congresswoman Yvette Clark.
64. Neither admitted nor deny with regard to Plaintiff.

## First Cause of Action

65. Neither Admits or Deny
66. Denies, in that Section 1983 does not have a Retaliation Aspect to it, and it doesn't include a hostile work environment Claim as a part of it's tenants.
67. Denies
68. Denies

## Second Cause of Action

69. Neither Admits or Deny
70. Denied
71. Denied
72. Denied

## Third Cause of Action

73. Neither Admit nor Deny

74. Denied, Plaintiff was given reasonable accommodations, which she refused to utilize and assumed the risk when she refused to follow her doctor's medication and did not utilize her leave.

75. Denied

76. Denied

## DEFENSES

### Defendant's First Defense

1. Plaintiff has failed to Exhaust all Administrative Remedies

2. Allegation of Contributory Behavior by Plaintiff.
   Plaintiff in her complaint alleged that she did not take her medicine as prescribed by her doctor. Moreover, Plaintiff explained to defendant King THAT SHE HAD never BEEN SUCCESSFUL WITH HER IMPLANT PROCEDURES BEFORE WHEN SHE WASN'T EVEN WORKING FOR Councilman King. Moreover, Plaintiff acknowledged that she was in a later age bracket and she knew it was not guaranteed especially if she did not follow proper procedures.

3. Plaintiff would not be successful under a FRCP 12 (b)(6) Motion (Failure to State a Claim upon which relief can be granted). Plaintiff's Complaint does not meet the standard for a claim even looking at it In the most favorable light, as she has failed to allege facts which would support her claim.

4. Plaintiff's complaint should be dismissed because he is a natural person and the entity City Council is the responsible party and is able to provide full relief.

      **Wherefore** Defendant Council Member Andy King asks this Court to grant him the opportunity to file a Motion to Dismiss for Failure to State a Claim upon which Relief can be granted or in the alternative proceed with said matter and allow discovery to follow.

New York, NY
September 17, 2020

 

*[signature: Pamela D Hayes]*

Pamela D. Hayes, Esq.,
Attorney for Defendant
Council Member Andy King
200 West 157th Street, #708
New York, NY 10019
212 6878724/ 917216-6873
pamhayes7777 @gmail.com

7

# DEFENDANT KING

# EXHIBIT 1

Nov 7, 2018, 1:30 PM

Shana McMellus

DOH Commissioner Dr. Harold Zucker & Executive Deputy Commissioner - Corning Tower (518) 474-2011. Associate Commissioner & Regional Director Celeste Johnson - 90 Church St, 14th Flr NYC (212) 417-5550

Morning... Please call about the waiver.

Just some details

[ Been trying IVF since 2013 Had 2 failed attempts paid without insurance. ]








miscarriages'

They used a surrogate.
That's what I thought need.

Good morning ok. Prayers

Nov 9, 2018

Shana McKen...

At 250 received message
WFUR Norwood News &



2 People

Commissioner & Regional Director Celeste Johnson – 90 Church St, 14th Flr NYC (212) 417-5550

Morning... Please call about the waiver.

Just some details

Been trying IVF since 2013
Had 2 failed attempts paid without insurance.
Now I have insurance and the possibility of having 3 more cycles
or surrogate before turning 46.

Please do not forget...time is of the essence.