UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SHANA MELIUS,

                                                  Plaintiff,          **DEFENDANT    NEW    YORK
                                                                      CITY COUNCIL'S ANSWER**

                              -against-

NEW   YORK   CITY   COUNCIL   and   COUNCIL                           20 Civ. 5237 (ER)
MEMBER ANDY KING, in his individual capacity,

                                                  Defendants.
------------------------------------------------------------------------x

        Defendant   New   York   City   Council   ("Council")   by   its   attorney,   **JAMES E.**

**JOHNSON**, Corporation Counsel of the City of New York, for its answer to the complaint, filed

July 8, 2020, respectfully alleges as follows:

        1.       As the allegations set forth in paragraph "1" of the Complaint set forth

legal conclusions, no responsive pleading is required.  To the extent that a response is required,

the Council denies the allegations set forth in this paragraph, except admits that plaintiff purports

to proceed as set forth in this paragraph.

        2.       Denies the allegations set forth in paragraph "2" of the Complaint, except

admits that plaintiff purports to proceed as set forth in this paragraph.

        3.       Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff is a

former Council employee who worked as a staffer in the office of former Councilmember Andy

King ("King") from July 2018 to June 2019.

        4.       Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "4" of the Complaint.

5.     To the extent that this paragraph sets forth legal conclusions, no responsive pleading is required.  To the extent that a response is required, the Council denies the allegations set forth in paragraph "5" of the Complaint, except admits that the Council is the legislative body of the City of New York, maintains its principal offices in New York County, and paid plaintiff's salary while she was employed in Councilmember King's office.

6.     To the extent that this paragraph sets forth legal conclusions, no responsive pleading is required.  To the extent that a response is required, the Council denies the allegations set forth in paragraph "6" of the Complaint, except admits that Andy King is a former Councilmember who was elected to represent the Council's 12th District in Bronx, New York, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning King's residence.

7.     As the allegations set forth in paragraph "7" of the Complaint set forth legal conclusions, no responsive pleading is required.  To the extent that a response is required, the Council denies the allegations except admits that plaintiff purports to establish this Court's subject matter jurisdiction over the claims asserted in the Complaint in the manner set forth in this paragraph.

8.     As the allegations set forth in paragraph "8" of the Complaint set forth legal conclusions, no responsive pleading is required.  To the extent that a response is required, the Council admits that plaintiff purports to establish venue in the manner set forth in this paragraph.

9.     As the allegations set forth in paragraph "9" of the Complaint set forth legal conclusions, no responsive pleading is required.  To the extent that a response is required,

the Council admits that plaintiff purports to proceed with service in the manner set forth in this paragraph.

10.     Denies the allegations set forth in paragraph "10" of the Complaint, except admits that, in or about early December 2017, a complaint was filed by a Council employee against Council Member King alleging that King engaged in gender-based harassment in violation of the Council's Anti-Discrimination and Harassment policy.

11.     Denies the allegations set forth in paragraph "11" of the Complaint, except admits that the Council's Office of the General Counsel conducted an investigation regarding the December 2017 complaint of gender-based harassment against King, and, based upon the results of this investigation, the Council's Committee on Standards and Ethics found that King violated the Council's Anti-Discrimination and Harassment policy.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint, except admits that the Report of the Committee on Standards and Ethics ("CSE"), dated October 22, 2019 ("CSE Report"), contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents.[1]

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, except admits that the CSE

---

[1] A true and accurate copy of the CSE Report is annexed hereto as "Exhibit A."

Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents, and admits that plaintiff worked as a staffer in King's office beginning in July 2018.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents, and admits that plaintiff worked out of King's office at 250 Broadway, which is in Manhattan.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents, and admits that, in connection with a Council employee's claim for unemployment benefits to the New York State Department of Labor, that employee made allegations of harassment against King.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents, and admits that the New York State Department of Labor found allegations against King to be credible and a basis for awarding unemployment benefits.

20.     Denies the allegations set forth in paragraph "20" of the Complaint, except admits that in or about March 2019, the CSE voted to open an investigation regarding allegations against Council Member King and his office.

21.     ████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████

22.     ████████████████████████████████████████████

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint, except admits that Charles Davis was employed by the Council as Chief Compliance Office on the date specified, admits that Charles Davis contacted plaintiff on or about April 11, 2019 and asked plaintiff to come to Davis' office, and admits that plaintiff was interviewed by the Council's Office of the General Counsel ("OGC") on or about April 11, 2019 in connection with a then-ongoing investigation.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint, except admits that Nicole

Benjamin was employed, and remains employed, as the Council's Chief Diversity Officer, admits that Davis told plaintiff that he and Benjamin were conducting an investigation into King, admits that Davis informed plaintiff that plaintiff was required to answer their questions honestly, and admits that Davis told plaintiff that the investigation was confidential and that plaintiff was told not to speak to anyone at the Council about the investigation, but denies that Davis told plaintiff that "if [plaintiff] did not do so, she could be subject to discipline, including termination," and denies that Davis told plaintiff that "[plaintiff] should not discuss the meeting with anyone else, including King.".

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.    █████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████

27.    █████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████

28.    To the extent that this paragraph sets forth legal conclusions, no responsive pleading is required.  To the extent that a response is required, the Council denies

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint which are based upon plaintiff's information and belief.

37.     As the allegations set forth in paragraph "37" of the Complaint set forth legal conclusions, no responsive pleading is required.  To the extent that a response is required, the Council denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents.

38.     █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint, except admits that the CSE

Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents.

40.     To the extent that the allegations set forth in paragraph "40" of the Complaint set forth legal conclusions, no responsive pleading is required, to the extent that a response is required, the Council denies knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents.

41.     ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

42.     ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

43.     To the extent that the allegations set forth in paragraph "43" of the Complaint set forth legal conclusions, no responsive pleading is required.  To the extent that a response is required, the Council denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents.

44.  ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████

45.  ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48.  ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents.

51.     ██████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
██████████████████████████████████████████

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint, except admits that the CSE Report contains information pertaining to these allegations, and respectfully refers to the CSE Report for a complete and accurate statement of its contents, and admits that plaintiff sent an email to human resources on May 10, 2019 attached to which was a doctor's letter.

53.     ██████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
██████████████████████████████████████████

54.     ██████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
██████████

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint, except admits that on or about May 14, 2019, Benjamin informed plaintiff that she was permitted to leave the office early on Tuesdays and Thursdays to accommodate her medical appointments, and admits that Benjamin

stated to plaintiff that she needed additional information from plaintiff concerning plaintiff's request to work from home in order to determine whether the requested accommodation was necessary, or whether permitting plaintiff to leave work early on Tuesdays and Thursdays would suffice as an accommodation.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint, except admits that conversations between Benjamin and plaintiff did not continue after this point.

57.     █████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████

58.     █████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████

59.     █████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint, except admits that Benjamin granted plaintiff an accommodation permitting her to leave the office early on Tuesdays and Thursdays to accommodate her medical appointments.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint which are based upon plaintiff's information and belief.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint, except admits that plaintiff resigned from her position in King's office on or about June 11, 2019.

64.     Denies the allegations set forth in paragraph "64" of the Complaint, except admit that CSE issued a report on October 22, 2019, the CSE Report, which substantiated charges of retaliation, and respectfully refers to the CSE Report for a complete and accurate statement of its contents, and admits that the Council later voted on and adopted a resolution imposing discipline on King.

65.     In response to the allegations set forth in paragraph "65" of the Complaint, the Council repeats and realleges its responses to paragraphs "1" through "64" as if fully set forth herein.

66.     As the allegations set forth in paragraph "66" of the Complaint set forth legal conclusions, no responsive pleading is required.  To the extent that a response is required, the Council denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

67.     As the allegations set forth in paragraph "67" of the Complaint set forth legal conclusions, no responsive pleading is required.  To the extent that a response is required, the Council denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

68.     As the allegations set forth in paragraph "68" of the Complaint set forth legal conclusions, no responsive pleading is required.  To the extent that a response is required, the Council denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

69.     In response to the allegations set forth in paragraph "69" of the Complaint, the Council repeats and realleges its responses to paragraphs "1" through "68" as if fully set forth herein.

70.     As the allegations set forth in paragraph "70" of the Complaint set forth legal conclusions, no responsive pleading is required.  To the extent that a response is required, the Council denies that the Council retaliated against plaintiff.

71.     As the allegations set forth in paragraph "71" of the Complaint set forth legal conclusions, no responsive pleading is required.  To the extent that a response is required, the Council denies the allegations set forth in this paragraph.

72.     As the allegations set forth in paragraph "72" of the Complaint set forth legal conclusions, no responsive pleading is required.  To the extent that a response is required,

the Council denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

73.    In response to the allegations set forth in paragraph "73" of the Complaint, the Council repeats and realleges its responses to paragraphs "1" through "72" as if fully set forth herein.

74.    As the allegations set forth in paragraph "74" of the Complaint set forth legal conclusions, no responsive pleading is required.  To the extent that a response is required, the Council denies that the Council failed to provide plaintiff with a reasonable accommodation.

75.    As the allegations set forth in paragraph "75" of the Complaint set forth legal conclusions, no responsive pleading is required.  To the extent that a response is required, the Council denies the allegations set forth in this paragraph.

76.    As the allegations set forth in paragraph "76" of the Complaint set forth legal conclusions, no responsive pleading is required.  To the extent that a response is required, the Council denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

**AS   AND   FOR   A   FIRST   DEFENSE, DEFENDANT   COUNCIL   RESPECTFULLY ALLEGES:**

77.    The Complaint fails to state a claim against the Council upon which relief can be granted.

**AS   AND   FOR   A   SECOND   DEFENSE, DEFENDANT   COUNCIL   RESPECTFULLY ALLEGES:**

78.    The Complaint may be barred, in whole or in part, by applicable statutes of limitations.

**AS AND FOR A THIRD DEFENSE, DEFENDANT COUNCIL RESPECTFULLY ALLEGES:**

79.     All actions taken by the Council with respect to plaintiff were taken in good faith, without malice, for non-discriminatory and non-retaliatory, legitimate business reasons.

**AS AND FOR A FOURTH DEFENSE, DEFENDANT COUNCIL RESPECTFULLY ALLEGES:**

80.     At all times relevant to the acts alleged in the Complaint, the Council's actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

**AS AND FOR A FIFTH DEFENSE, DEFENDANT COUNCIL RESPECTFULLY ALLEGES:**

81.     The Council has not violated any rights, privileges or immunities of the plaintiff under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

**AS AND FOR A SIXTH DEFENSE, DEFENDANT COUNCIL RESPECTFULLY ALLEGES:**

82.     The Council is not liable for discrimination, retaliation, or harassment, derivatively or otherwise, for the acts of a Councilmember, including Councilmember King, under any of the statutes under which plaintiff seeks to recover in this action.

**AS AND FOR A SEVENTH DEFENSE, DEFENDANT COUNCIL RESPECTFULLY ALLEGES:**

83.     Councilmember King is an elected official, is not an employee of the Council, and liability for his actions is not imputed to the Council for liability under 42 U.S.C. § 1983 or the New York City Human Rights Law.

**AS AND FOR AN EIGHTH DEFENSE, DEFENDANT COUNCIL RESPECTFULLY ALLEGES:**

84.     The Council is neither Councilmember King's employer nor his supervisor sufficient to impose employer and/or supervisor liability on the Council for King's acts.

**AS AND FOR A NINTH DEFENSE, DEFENDANT COUNCIL RESPECTFULLY ALLEGES:**

85.     The actions taken by Councilmember King that are the subject of this litigation were taken intentionally, and in taking these actions Councilmember King was acting outside the scope of his duties as a member of the Council.

**AS AND FOR A TENTH DEFENSE, DEFENDANT COUNCIL RESPECTFULLY ALLEGES:**

86.     The Council exercised reasonable care to prevent and promptly eliminate any discriminatory, retaliatory, or harassing behavior.  Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the Council, and to otherwise avoid harm.

**AS AND FOR AN ELEVENTH DEFENSE, DEFENDANT COUNCIL RESPECTFULLY ALLEGES:**

87.     The Council did not have knowledge of the alleged harassing conduct, nor was it reasonable for the Council to have had such knowledge.

**AS AND FOR A TWELFTH DEFENSE, DEFENDANT COUNCIL RESPECTFULLY ALLEGES:**

88.     The Council maintains an appropriate policy and program against discrimination and an effective complaint procedure that was known and available to all

employees.   To the extent plaintiff availed herself of the policy/program, the Council took

prompt, remedial action to correct any alleged discrimination, harassment, or retaliation.

**AS AND FOR A THIRTEENTH DEFENSE, DEFENDANT COUNCIL RESPECTFULLY ALLEGES:**

89.    Any damages sustained by plaintiff were caused by plaintiff's own

negligent or otherwise culpable conduct.

**AS AND FOR A FOURTEENTH DEFENSE, DEFENDANT COUNCIL RESPECTFULLY ALLEGES:**

90.    The Complaint's request for punitive damages is barred, in whole or in

part, because punitive damages are not available against a government or a governmental

subdivision.

**AS AND FOR A FIFTEENTH DEFENSE, DEFENDANT COUNCIL RESPECTFULLY ALLEGES:**

91.    Subject to proof in discovery, plaintiff has failed to mitigate her damages,

if any.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT ANDY KING:**

92.    Any injuries or damages sustained by Plaintiff with respect to the

allegations and causes of action in the Complaint were caused by defendant King and/or

sustained by reason of defendant King's acts or omissions, whether negligent or willful.

93.    In taking the acts or omissions that are the subject of this litigation,

defendant King was acting outside the scope of his duties as a member of the Council.

94.     If Plaintiff recovers any judgment against the Council then the Council is entitled to indemnification and contribution to recover the amount of such judgment and all reasonable costs and attorneys' fees resulting from this action from defendant King.

WHEREFORE, defendant Council respectfully requests that this Court enter an order and judgment dismissing the Complaint in its entirety, denying all relief requested, entering judgment for defendant Council, and granting defendant Council costs, fees, and expenses, together with such other and further relief as the Court deems to be just and proper.

Dated:          New York, New York
                October 30, 2020

                                        JAMES E. JOHNSON
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendant Council
                                        100 Church Street, Room 2-184
                                        New York, New York 10007-2608
                                        (212) 356-2549
                                        lernst@law.nyc.gov


                          By:    _____/s/_____
                                        Leo T. Ernst
                                 Assistant Corporation Counsel




To:     KEVIN MINTZER, P.C.
        Counsel for Plaintiff
        1350 Broadway, Suite 2250
        New York, NY 10018
        km@mintzerfirm.com
        (By E-Mail)