THE LAW OFFICE OF

# KEVIN MINTZER, P.C.

1350 BROADWAY, SUITE 2220
NEW YORK, NEW YORK 10018

KEVIN MINTZER

Tel: 646-843-8180
km@mintzerfirm.com

May 3, 2021

**VIA ECF**
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>Melius v. Andy King, 20 Civ. 5237 (ER)</u>

Dear Judge Ramos:

    I represent Plaintiff Shana Melius. As required by Fed. R. Civ. P. 37 and Local Rule 37.2, Plaintiff seeks an informal conference to request that the Court issue an Order requiring Defendant Council Member Andy King to respond to Plaintiff's First Request for Documents and First Set of Interrogatories. To date, King has not responded to these requests. As described below, I have in good faith attempt to confer with King's counsel about this issue, but those efforts have not obviated the need for the Court's intervention.

    On March 5, 2021, Plaintiff served by email and regular mail on King's counsel Plaintiff's Document Requests and Interrogatories, attached to this letter as Exhibits A and B, respectively, with certificates of service. Based on the date of service, the 30 days allotted to respond under Fed. R. Civ. P. 33 and 34, and the three extra days for email/mail service under Fed. R. Civ. P. 6(d), King's responses were due on April 7, 2021. King did not respond by that date and did not seek additional time to respond. On April 16, 2021, I sent an email to King's counsel asking when I would receive Defendant's discovery responses. Exhibit C. I did not receive a response to this email.

    On April 20, 2021, I sent another email to counsel inquiring about Defendant's discovery responses, noting that if I did not receive a reply, I would need to raise the issue with the Court. Exhibit C. The following day, counsel for King replied, saying, among other things, that she did receive the requests, that she had been delayed due to the recent birth of her grandchild, and that she would provide the responses by the following week. *Id.* I responded to this message on the same day saying that, although the responses were quite late and no extension had been sought, as a professional courtesy, I would agree for Defendant to serve the responses by Monday, April 26, 2021. *Id.* As of today, however, I have still not received King's discovery responses or any communication from his counsel as to when those responses would be served.

    Based on the above, Plaintiff requests that the Court require King to respond to Plaintiff's discovery requests, including producing all requested documents, within seven days. The Court

should also hold that, by failing to respond timely or to obtain an extension, King has waived the right to assert any objection, including any objection based on privilege, to the Document Requests or Interrogatories. "Rules 33(b) and 34 of the Federal Rules of Civil Procedure require responses within 30 days of service of interrogatories or document requests, and a party who fails to comply with that obligation may be deemed to have forfeited any objections." *Gropper v. David Ellis Real Estate, L.P.*, No. 13 Civ. 2068, 2014 WL 518234, at *3 (S.D.N.Y. Feb. 10, 2014). Thus, courts in this Circuit regularly find that a party who fails to timely respond to discovery requests, without good cause, waives the right to object to such requests. See *David v. Weinstein Co. LLC*, No. 18 Civ. 5414 (RA), 2020 WL 4042773, at *4 (S.D.N.Y. July 17, 2020); *Arnold v. Indep. Health Ass'n, Inc.*, No. 17 Civ. 01260, 2019 WL 3955420, at *4 (W.D.N.Y. Aug. 22, 2019) ("Plaintiff's failure to timely respond to [defendant's] discovery demands waives any objection which may have been available to her."); *Labarbera v. Absolute Trucking, Inc.*, No. 08 Civ. 4581, 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available.").[1]

Plaintiff is available to answer any question that the Court may have concerning this application.

Respectfully submitted,

Kevin Mintzer

Attachments

cc: Pamela D. Hayes, Esq. (by ECF)

---

[1] *See also Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198, 2007 WL 1521117, at *2 (S.D.N.Y. May 24, 2007) (noting that the court had ordered before that "defendants' failure to respond to plaintiff's document request, which was served on October 19, within thirty days waived all objections to the request."); *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, No. 02 Civ. 9151, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("Since there was an unexcused and unexplained failure to assert objections in a timely manner, I concluded that all of defendant's objections were waived.")